### PEGGY GUIRE v. ALEX A. GUIRE

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. J 999

Memorandum filed March 20, 1946.

*Lewis J. Somers*, of Meriden, for the Plaintiff.

*Dennis T. O'Brien*, of Meriden, for the Defendant.

INGLIS, J. This is an appeal from a decree of the Probate Court for the district of Meriden removing the appellant as guardian of the persons of her three minor children. The decree was based on the ground that the appellant had abandoned the children, and counsel have agreed that that is the only issue upon which the case is to be decided in this court, except that the appellant is also contesting the jurisdiction of this court.

The appellant and the appellee were married December 8, 1934, and shortly took up their residence in Mabie, West Virginia. There were three children born of the marriage: Barbara Jean Guire, Jerry Lee Guire and Peggy Joan Guire. These children now range in age from three to ten years. By July 1943, the appellant felt that conditions under which she was living in Mabie, both because of her husband's treatment of her and because of other circumstances, had become intolerable. Whether they were actually intolerable or not, it is not necessary to decide. She made up her mind to leave her husband and go to Akron, Ohio, to live with her mother, and she did leave him on July 26, 1943.

. Before she left she consulted a lawyer and was advised that if she took the children with her without some judicial determination of her right so to do she would be guilty of the crime of kidnapping. She therefore left the children with her husband, having first received the assurance of her sister-in-law that the latter would look out for them. When she left Mabie she

intended to sue for divorce in Akron and in that action ask for the custody of the children. As a matter of fact, she has since procured a divorce in Ohio, but with reference to the custody of the children she was advised that the courts of Ohio had no jurisdiction of the matter of such custody. She has, ever since she left Mabie, wanted the custody of the children and would like it now.

In March of 1944, the appellee moved the children to Meriden and placed them with his sister. They have resided there continuously ever since. In July, 1944, the appellee himself came to Meriden to reside with this same sister, with the intention of making Meriden his permanent home, so that since July, 1944, he has been domiciled in this state.

So far as the jurisdiction of the Probate Court and of this court is concerned, there cannot be much question. The application for removal is brought under General Statutes, § 4794, as amended. That section provides that the Probate Court "for the district in which such child resides" shall be the court which has jurisdiction. It is a part of Chapter 250 of the General Statutes. Section 4793, which is also in that chapter, reads: "For the purposes of this chapter the residence of a minor shall mean his actual residence and not that imputed to him by the residence of his parents or guardian." Clearly, therefore, by virtue of this statute the venue at least of this application was in the Probate Court for the district of Meriden. Whether the statute goes so far as to vest the jurisdiction of the matter in the courts of this state is immaterial because that matter of jurisdiction is fixed by common law. It is fundamental that, in matters affecting the status of a child, it is the domicil of the child which fixes jurisdiction. When the parents of a child are separated the child's domicil is that of the parent with whom he actually lives. Restatement, Conflict of Laws, § 32. Here the children live with their father in Meriden. Accordingly, the courts of this state are the courts which have jurisdiction to determine the status of these children. That status is to be determined by the laws of this state, the state of their domicil, and the fact that the claimed abandonment occurred in another state can make no difference if in fact under the laws of this state such an abandonment would be ground for changing the children's status. It is clear, therefore, that the Probate Court and this court on appeal have jurisdiction of the subject matter involved.

Section 4794, as amended by § 647g, Cum. Sup. 1943, provides that if a parent has "abandoned" his child he may be removed as guardian of the child. The Probate Court found that the appellant had abandoned her children. The only question is whether this appellant did abandon her children in the sense in which the word is used in the statute. As between a husband and wife, the word abandonment is held to mean "the act of a husband or wife, who voluntarily leaves, with an intention not to return and not to resume his or her marital duties toward the other or to claim his or her marital rights." *Alexander* v. *Alexander,* 107, Conn. 101, 107. There is no reason why it should not mean the same sort of thing as between parent and child. Abandonment by a mother of her child, as the statute here involved intends, is the act of leaving her child with an intention not to return and not to resume her parental duties or reclaim her parental rights toward the child. Abandonment, in other words, is a combination of action plus intention. The act of leaving the child and the intention of never resuming or trying to resume the parental relationship must coexist in order to constitute an abandonment under the statute.

Inasmuch as the appellant in this case has at all times had the intention of resuming her parental relationship to her children just as soon as such resumption could be effected without her having to live with her husband, it cannot now be found that she has abandoned her children.

Judgment may enter setting aside the decree of the Probate Court appealed from and denying the application for the removal of the appellant as the guardian of her children.